# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ANDRE JOHNSON (#375946)**                                         **CIVIL ACTION**

**VERSUS**

**20-105-JWD-RLB**

**ROBERT LEWIS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 18, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANDRE JOHNSON (#375946)                                         CIVIL ACTION

VERSUS
                                                                20-105-JWD-RLB
ROBERT LEWIS, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, a person confined at the Louisiana State Penitentiary ("LSP"), filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Robert Lewis and Kenneth Douresseaux alleging that his constitutional rights were violated due to deliberate indifference to his serious medical needs.

On May 15, 2020, summons were issued for the defendants, and the United States Marshal attempted service. The summons was returned unexecuted because neither defendant is employed by the Department of Corrections. *See* R. Doc. 9. No further action on the part of the plaintiff to effectuate service upon the defendants appears in the record.

Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service and should attempt to remedy any defects of which he has knowledge. The plaintiff has not taken any additional action in this matter to effect service upon the defendants. It is appropriate, therefore, that the plaintiff's claims asserted against defendants Robert and Douresseaux be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

**RECOMMENDATION**

It is recommended that the plaintiff's action be dismissed, without prejudice, for failure of the plaintiff to serve the defendants as required by Federal Rule of Civil Procedure 4(m)

Signed in Baton Rouge, Louisiana, on August 18, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**